United States District Court
Southern District of Texas

**ENTERED**

April 24, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| DIANA BANDA TOVAR, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:26-CV-47 |
| | § | |
| KRISTI NOEM, ET AL., | § | |
|     Respondents. | § | |

### MEMORANDUM OPINION AND ORDER

Petitioner is currently detained in federal immigration custody at the Laredo Processing Center in Texas. Before the Court is Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1), and Respondents' Motion for Summary Judgment, (Dkt. No. 16).

The Court finds that Petitioner's deprivation of liberty without constitutionally adequate procedures is a violation of her due process rights, and the failure to provide due process warrants her release. For the reasons stated below, Petitioner's Petition for Writ of Habeas Corpus is granted in part. Respondents are ordered to release Petitioner **by April 27, 2026, at 5:00 p.m.** The parties are ordered to notify the Court of the status of Petitioner's release **by April 28, 2026, at 5:00 p.m.**

### I. BACKGROUND

#### A. Factual Background

Petitioner, a citizen of Mexico, challenges her ongoing detention without a bond hearing. According to Petitioner's verified petition, she first entered the United States without inspection in 2004. (Dkt. No. 1 at 14).[1] Petitioner has no criminal history. (*Id.* at 16.). She was most recently detained by immigration officials on November 6, 2025. (*Id.*). Petitioner requested a bond hearing in immigration court on December 9, 2025, but the Immigration Judge (IJ) denied bond citing a lack of jurisdiction. (Dkt. No. 1 at 16).

---

[1] When citing to the page numbers of any document in the record, the Court will cite to the page numbering of the Court's internal CM/ECF docket system, and not to the page numbers in the underlying documents.

Respondents attach her Notice to Appear, which charges her as "an alien present in the United States who has not been admitted or paroled." (Dkt. No. 16-1 at 1).

Petitioner is currently detained at the Laredo Processing Center. (Dkt. No. 1 at 16). Respondents do not allege that she has any criminal history or any other personal circumstances that reflect an individualized determination of her flight risk or danger. (*See* Dkt. No. 16 at 2).

### B. Legal Background

DHS and the Department of Justice (DOJ) released interim guidance in July 2025, announcing a new legal position on detention authorities for noncitizens. The guidance interpreted the mandatory detention provision of Section 235 of the Immigration and Nationality Act (INA), or 8 U.S.C. § 1225, as applying to the detention of all "applicants for admission," including all noncitizens who have not been admitted, whether they arrive at a port of entry or enter without inspection. This position was adopted by the Board of Immigration Appeals (BIA) in September 2025. *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

In the months following the shift in policy, federal district courts across the country found the Government's interpretation at odds with the text of the statute and ordered bond hearings, or release, for noncitizens subject to mandatory detention under the policy. *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582, 2025 WL 3295903, at *4, n.22 (S.D.N.Y. Nov. 26, 2025) (collecting cases). In February 2026, the Fifth Circuit held that Section 1225(b)(2) applies to all applicants for admission, regardless of whether they are actively "seeking admission" when they are detained. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026). However, *Buenrostro* did not address the validity of due process claims such as those raised by Petitioner in this case. *See, e.g.*, *Bonilla Chicas v. Warden*, No. 5:26-CV-131, 2026 WL 539475, at *4–5 (S.D. Tex. Feb. 20, 2026); *see also* *Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8, 2025), *overruled by Buenrostro-Mendez*, 166 F.4th 494 (explaining the Court's prior statutory interpretation of Section 1225).

### C. Procedural Background

Petitioner filed the instant petition for a writ of habeas corpus, maintaining that she is entitled to release from detention. She brings several claims for relief: violation of

the Immigration and Nationality Act (INA) Sections 1225(b)(2) and 1226, violation of the Due Process Clause of the Fifth Amendment, and violations of various federal regulations.

Petitioner's due process claim is that Respondents have deprived her of her liberty interest to be free from detention without due process of law in violation of the Fifth Amendment. Petitioner requests, among other things, that this Court issue an order requiring Respondents to immediately release her or provide a bond hearing, declare that Petitioners who entered without inspection and are encountered in the interior long after their entry who are placed in removal proceedings and not described in Section 1226(c) are entitled to a bond hearing before a neutral adjudicator, and award reasonable attorney's fees.

## II. DISCUSSION

Respondents move for summary judgment, asserting that Petitioner is subject to mandatory detention. The Court principally addresses Petitioner's due process claim and finds that her detention violates due process.[2] The Court incorporates the legal standards and analysis applied in its prior order granting a petition for a writ of habeas corpus under substantially similar facts. *Lopez Moncebais v. Bondi*, No. 5:26-CV-268, slip op. (S.D. Tex. Mar. 27, 2026).

There, this Court found that *Buenrostro* does not foreclose due process challenges to mandatory detention, a noncitizen subject to mandatory detention may bring an as-applied due process challenge to 8 U.S.C. Section 1225(b)(2), Supreme Court precedent does not foreclose that type of challenge, and liberty interests in freedom from detention must be protected by due process of law, including individualized justification for civil detention. *See id.* The Court then applied the balancing test from *Mathews v. Eldridge* and found that the petitioner's procedural due process rights had been violated. *Id.* at 13 (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). The Court ordered immediate release for the due process violation. *Id.* at 17.[3]

The Court finds that the same reasoning applies to these facts because Petitioner

---

[2] Because the Court grants Petitioner's requested relief without consideration of her other claims, the Court will decline to address the merits of those claims.

[3] The Court also denied attorney's fees under the EAJA and incorporates that analysis here as well. *Lopez Moncebais*, No. 5:26-CV-268, slip op. at 17.

has resided in the United States for over twenty years. The procedural posture of Petitioner's case in Immigration Court does not affect the Court's analysis because Respondents assert that he remains detained pursuant to Section 1225(b)(2). Her detention deprived her of her protected liberty interests, and the deprivation was not sufficiently safeguarded by constitutionally adequate procedures. For this reason and the reasons discussed in the Court's analysis in *Lopez Moncebais*, the Court finds that Petitioner's detention violates her rights under the Due Process Clause of the Fifth Amendment, he is entitled to relief, and the appropriate remedy is to order her immediate release from custody.

### III. CONCLUSION

For the foregoing reasons, Petitioner's Verified Petition for Writ of Habeas Corpus, (Dkt. No. 1), is **GRANTED in part and DENIED in part**. Petitioner's request for attorney's fees is **DENIED**. Respondents' Motion for Summary Judgment, (Dkt. No. 16), is **DENIED**.

Respondents are **ORDERED** to **RELEASE** Petitioner from custody **by April 27, 2026, at 5:00 p.m.**, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release **by April 28, 2026, at 5:00 p.m.** Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than two hours** prior to Petitioner's release from custody.

If Petitioner is re-detained, Petitioner must be afforded procedural due process as guaranteed by the Due Process Clause of the Fifth Amendment.

By **May 5, 2026**, the parties shall **FILE** advisories with the Court indicating whether the parties oppose entry of a final judgment in this case.

It is so **ORDERED**.

**SIGNED** on April 24, 2026.

John A. Kazen
United States District Judge

4 / 4